## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JAMES R. CRAMER and | ) | |
| LORI A. CRAMER, | ) | No. 08 B 3853 |
| | ) | |
| Debtors. ) | | Judge Goldgar |

### MEMORANDUM OPINION

Before the court for ruling in this chapter 7 case is the motion of debtors

James and Lori Cramer to avoid the mechanics lien of Chain O'Lakes Plumbing,

Inc., pursuant to section 522(h) of the Bankruptcy Code, 11 U.S.C. § 522(h).[1/] For

the following reasons, the motion will be denied.

### 1. Background

The facts are simple because there are almost none.  On July 24, 2007, James

Cramer entered into a contract with Chain O'Lakes to have extensive plumbing

work performed at 121 Prairie View Avenue, Grayslake, Illinois.  The Prairie View

property is the Cramers' residence.  The contract price was $19,120.  On November

13, 2007, James Cramer entered into another contract with Chain O'Lakes to have

---

[1/]      Under Rule 7001(2), lien avoidance under section 522(h) ordinarily
requires an adversary proceeding. *See* Fed. R. Bankr. P. 7001(2); *In re Lafoon,* 278
B.R. 767, 770 (Bankr. E.D. Tenn. 2002).  But the rule is not jurisdictional, *In re
Pence,* 905 F.2d 1107, 1109 (7th Cir. 1990), and parties can waive its requirements
and resolve lien validity issues by motion if they prefer, *id.; see also In re Zolner,*
249 B.R. 287, 292 (Bankr. N.D. Ill. 2000).  Chain O'Lakes has not objected to
resolution of the lien avoidance issues here by motion.

further plumbing work done at the Prairie View property. The contract price was $745.

That is all the record discloses about the dealings of the parties. The remaining background is procedural. On February 20, 2008, the Cramers filed a chapter 7 bankruptcy petition. In their schedules, they listed Chain O'Lakes as holding a disputed, unsecured, non-priority claim for $24,738 (a figure that for some reason is not the sum of the two contract prices). The Cramers also claimed their Illinois homestead exemption in the Prairie View property.

About a month into the case, Chain O'Lakes moved to lift the automatic stay for the purpose of recording and enforcing a mechanics lien under the Illinois Mechanics Lien Act. The motion was initially granted by default on April 4, but on April 25 the order granting the motion was vacated at the Cramers' request. The motion was reinstated, and a briefing schedule was set along with a ruling date.

When the ruling date arrived, the court denied the motion to lift the stay as unnecessary. Lifting the stay was unnecessary because the stay did not bar post-petition perfection of the lien.[2]

---

[2]    The automatic stay exempts from its coverage perfection of an interest in property where the trustee's rights and powers are subject to such perfection under section 546(b). *See* 11 U.S.C. § 362(b)(3). Section 546(b) makes the trustee's rights and powers subject to any generally applicable law permitting perfection of an interest in property to be effective against an entity that acquires rights in the property before the date of perfection. *See* 11 U.S.C. § 546(b)(1)(A); *see generally Jones v. Salem Nat'l Bank (In re Fullop)*, 6 F.3d 422, 430 (7th Cir. 1993); *Knopfler v. Addison Bldg. Material Co. (In re Germansen Decorating, Inc.)*, 149 B.R. 522, 528 (Bankr. N.D. Ill. 1993). The Illinois Mechanics Lien Act is such a generally applicable law, since perfection of a lien under that Act relates back to the date of the contract. *See Steinberg v. Chicago Title & Trust Co.*, 142 Ill. App. 3d 601, 605, 491 N.E.2d 1294, 1296 (1st Dist. 1981).

Meanwhile, some time between the date the order modifying the stay was entered and the date it was vacated, Chain O'Lakes recorded a mechanics lien against the Prairie View property in the amount of $9,370 (an amount that for some reason is neither the sum of the contract prices *nor* the amount listed in the Cramers' schedules).

At the end of May, the Cramers filed their motion to avoid the mechanics lien. The motion cited section 522(h) but did not specify which of the trustee's avoidance powers mentioned in section 522(h)(1) the Cramers were invoking. When the motion was presented, the court observed that a mechanics lien is a statutory lien, that section 545 is the Code provision addressing the avoidance of statutory liens, and that section 545 only permits the "trustee" to avoid a statutory lien. *See* 11 U.S.C. § 545. The court therefore expressed doubt that the Cramers had any right to avoid the lien. The parties were asked to brief the motion.[3]

On the scheduled ruling date, the court acknowledged that section 522(h) does in fact allow a debtor to exercise a trustee's lien avoidance powers under section 545 in certain circumstances. The court also noted that section 545(2), the only part of section 545 relevant here, permits a statutory lien to be avoided to the extent it "is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the

---

[3]    In later filings, the Cramers have cited section 545 and expressly asked to avoid the lien under section. They have not sought to employ any of the other avoidance powers set forth in section 522(h)(1), and so they have not contended, for example, that the mechanics lien is avoidable as a preference under section 547.

commencement of the case . . . ." 11 U.S.C. § 545(2). Therefore, more information

was necessary, information of a kind that would permit a determination whether

Chain O'Lakes' mechanics lien was enforceable under state law. The parties were

asked to supply that information since they had not previously done so.

The parties filed supplemental memoranda. In their memoranda, however,

neither side provided the requested information. So it is unknown whether Chain

O'Lakes performed work under the two contracts; if so, what work was performed;

whether Chain O'Lakes completed the work; when the work was completed, if at all;

whether the Cramers paid anything to Chain O'Lakes for the work; if so, what was

paid; whether Chain O'Lakes gave the Cramers timely statutory notice of its claim;

and whether Chain O'Lakes timely recorded its lien.

## 2. Discussion

Section 522(h) of the Code allows a debtor to avoid certain transfers of

exempt property. To do so, five conditions must be met: (1) the transfer must not

have been voluntary on the part of the debtor; (2) the debtor must not have

concealed the property; (3) the trustee must not have attempted to avoid the

transfer; (4) the transfer must be avoidable under one of the trustee's powers listed

in section 522(h)(1); and (5) the property must be a kind the debtor is able to

exempt. *In re Dalip*, 194 B.R. 597, 600 (Bankr. N.D. Ill. 1996); *see also Washkowiak

v. Glenwood Med. Group (In re Washkowiak)*, 62 B.R. 884, 886 (Bankr. N.D. Ill.

1986).

There is no dispute here that the first three elements are satisfied. The

transfer – in this case, the recording of the mechanics lien – obviously was not voluntary on the Cramers' part since the lien was recorded by creditor Chain O'Lakes, not by the Cramers. *See In re Saberman*, 3 B.R. 316, 320 (Bankr. N.D. Ill. 1980) (noting that "[t]he creation of a mechanics' lien is not a voluntary act by the debtor"). The Cramers also did not conceal the property in question; its existence was disclosed on their schedules. And the trustee, Ms. Goldstein, has not sought to avoid the lien.

Chain O'Lakes takes the position that the fifth element has not been met, arguing that the property is not a kind the debtor is able to exempt. By this, Chain O'Lakes does not mean Illinois grants no homestead exemption in real property. Illinois does grant such an exemption, of course, *see* 735 ILCS 5/12-901 (2006), and the Cramers claimed the exemption in their schedules with respect to the Prairie View property. Chain O'Lakes means instead that under Illinois law its lien eliminates any homestead exemption. Chain O'Lakes points to a 2006 amendment to section 3 of the Illinois Mechanics Lien Act providing in part that "no claim of homestead right . . . shall defeat the lien given by this Act." *See* 770 ILCS 60/3 (2006).

The problem with this argument is that it assumes the trustee cannot avoid the lien. The analysis under section 522(h) assumes the opposite. That section says a debtor can avoid a transfer of property "to the extent that the debtor *could have* exempted such property . . . *if* the trustee had avoided such transfer . . . ." 11 U.S.C. § 522(h) (emphasis added). In other words, the question whether the property can be exempted is answered assuming the lien can be avoided, not assuming it

remains in place. *See, e.g., In re Givens,* 240 B.R. 281, 281 (Bankr. N.D. Ill. 1997);
*In re Brennan,* 208 B.R. 448, 452 (Bankr. S.D. Ill. 1997); *Dalip,* 194 B.R. at 600. It
may be, as Chain O'Lakes says, that under the Illinois Mechanics Lien Act a
debtor's homestead exemption cannot defeat a perfected mechanics lien. But in the
absence of the lien, Illinois does grant a homestead exemption. That is what
matters for purposes of section 522(h).

     Where the Cramers' effort to avoid the lien falls short is the fourth element –
whether the lien is avoidable under section 545(2). Section 545(2) leaves the
avoidability of statutory liens to applicable state law. *In re Globe Bldg. Materials,
Inc.,* 463 F.3d 631, 634 (7th Cir. 2006); *Zebley v. McKay (In re Nicolls),* 384 B.R. 113,
120 (Bankr. W.D. Pa. 2008). The validity of Chain O'Lakes' lien thus depends on
the Illinois Mechanics Lien Act. To determine a lien's validity under the Act, it is
necessary to know whether the claimant had a valid contract with the owner;
whether the claimant furnished lienable materials or labor; whether proper notice
of the claim was given to the owner within the statutory notice period; and (in this
case, where no complaint to enforce the lien was filed) whether the lien was
properly recorded within the statutory recording period. *See Golfview Dev. Center,
Inc. v. All-Tech Decorating Co. (In re Golfview Dev. Center, Inc.),* 309 B.R. 758, 768
(Bankr. N.D. Ill. 2004) (discussing requirements of the Illinois Mechanics Lien Act).

     The record here is virtually devoid of this information. The evidence
establishes that the claimant had two presumably valid contracts with the owners:
in 2007, the Cramers and Chain O'Lakes entered into two contracts with a
combined price of $19,865 to have plumbing work done at the Prairie View

-6-

property. The evidence also establishes that the claimant recorded a lien against
the owners' property: some time between April 4 and 25, 2008, Chain O'Lakes
recorded a lien against the Prairie View property for $9,370. But that is all the
evidence establishes. Nothing in the record addresses whether Chain O'Lakes did
any work under the contracts at the property, when and how much work it did,
whether any money is still owed Chain O'Lakes and how much, when final delivery
of materials or labor took place at the property, whether and when the statutory
notice was given, and when precisely the lien was recorded. Without these facts, a
decision on the lien's validity is impossible.

The Cramers believe this evidentiary deficit is fatal to Chain O'Lakes. They
insist that "[t]he creditor has failed to demonstrate it complied with the . . . Act."
And, indeed, a creditor does have the burden of proof in a mechanics lien
enforcement action in Illinois state court. *See Delaney Elec. Co. v. Schiessle,* 235 Ill.
App. 3d 258, 265, 601 N.E.2d 978, 983 (1st Dist. 1992).

But this is not a state court lien enforcement action, and Chain O'Lakes has
no such burden here. Under section 522(h), the burden falls on the debtor to
demonstrate the lien should be avoided. *See Kartman v. North Suburban Tree
Serv., Inc. (In re Kartman),* 354 B.R. 70, 76 (Bankr. W.D. Pa. 2006); *Lee v. Bank
One, N.A. (In re Lee),* 249 B.R. 864, 867 (Bankr. N.D. Ohio 2000). It was therefore
incumbent on the Cramers to prove that Chain O'Lakes' lien was not "perfected or
enforceable at the time of the commencement of the case against a bona fide
purchaser that purchases such property at the time of the commencement of the
case . . . ." 11 U.S.C. § 545(2). The Cramers have failed to meet that burden,

offering almost no evidence to support their motion despite the court's express

request for it and an opportunity to provide it in supplemental briefing.

### 3. Conclusion

The motion of debtors James and Lori Cramer to avoid the mechanics lien of

Chain O'Lakes Plumbing, Inc., is denied.  A separate order will be entered

consistent with this opinion.


Dated:  September 12, 2008

A. Benjamin Goldgar
United States Bankruptcy Judge